1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DAVID LARON TASH,   ) CV F 02 6233 WMW HC
          )
          ) ORDER DENYING PETITIONER'S MOTION
     Petitioner,  ) TO FILE PROPOSED AMENDED PETITION
          ) AS NEW CASE
          )
 v.         ) [Doc. 48]
          )
DERRAL G. ADAMS, et al.,  )
          )
     Respondents.  )
_____)

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to

the jurisdiction of the United States Magistrate Judge.

   On September 13, 2005, Petitioner filed a Motion to Amend Second Exhausted, Petition

to First Petition" and a "Motion to Clarify and Reconsider Motion to Stay and Amend Petition."

In these motions Petitioner sought to have the court reconsider its order of June 5, 2003, denying

Petitioner's motion to stay his petition, and also sought to be allowed to amend his petition.

   On November 9, 2005, the court entered an order which provided in part as follows:

     In its order of June 5, 2003, the court explained that the claims Petitioner seeks to
   add to his present petition are barred by the statute of limitations and that Petitioner is not
   entitled to equitable tolling.  Nothing has occurred to change that fact.  Accordingly,
   there is no basis for the court to reconsider its prior order denying Petitioner's earlier

request for the court to stay his petition and allow him to amend it when he had exhausted his state court remedies.  There is similarly no legal basis for the court to now allow Petitioner to amend his petition, as such amendment would be futile.

In his motion to clarify, Petitioner inquires whether the Ninth Circuit's dismissal for lack of jurisdiction was due to the fact that a district judge had not ruled on Petitioner's motion.  Petitioner is informed that this was not the basis of the Ninth Circuit's finding that it lacked jurisdiction.  As stated above, both parties have consented to having the magistrate judge hear all matters in this case.  Thus, there is no longer a district judge assigned to this case and the magistrate judge's decisions are final.

Based on the foregoing, Petitioner's motions are HEREBY DENIED.

On November 21, 2005, Petitioner filed a motion seeking to have his proposed amended petition which was rejected by the court filed as a new case.  As stated in the court's prior order quoted above, the additional claims Petitioner wishes to bring a barred by the statute of limitations and Petitioner is not entitled to equitable tolling.  Further, Petitioner cannot properly bring a new case duplicating the claims in the present case. Therefore, if Petitioner filed the proposed amended petition as a new case, the court would be obligated to immediately dismiss that entire case.  The court finds, therefore, that the filing of Petitioner's proposed amended complaint as a new case would be futile.  Accordingly, Petitioner's motion is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:    January 11, 2006**        **/s/  William M. Wunderlich**
mmkd34                 UNITED STATES MAGISTRATE JUDGE