# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID LARON TASH, | ) | CV F 02 6233 WMW HC |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER RE |
| v. | ) | PETITION FOR WRIT OF HABEAS CORPUS |
| | ) | |
| DERRAL G. ADAMS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**FACTUAL BACKGROUND**

The court hereby adopts the factual statement set forth by the California Court of Appeal, Fifth Appellate District ("Court of Appeal") in case number F034255 on April 26, 2001.

1

## PROCEDURAL HISTORY

Following a jury trial in Fresno County Superior Court, Petitioner was convicted of second-degree murder, Cal. Penal Code Section 187; two counts of attempted murder, Cal. Penal Code Sections 664/187; and one count of involuntary manslaughter, Cal. Penal Code Section 192(b). It was further found that as to the murder and attempted murder convictions, Petitioner had used a firearm within the meaning of California Penal Code section 12022.5. The court sentenced Petitioner to serve an indeterminate prison term of 15 years to life plus a consecutive determinate term of 35 years 8 months.

Petitioner filed a direct appeal with the Court of Appeal, which confirmed Petitioner's conviction in an unpublished decision filed April 26, 2001. Petitioner filed a petition for review with the California Supreme Court, which denied the petition without comment on July 11, 2001. Because the California Supreme Court's opinion is summary in nature, this court "looks through" that decision and presumes it adopted the reasoning of the Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

The parties appear to agree that Petitioner has not filed any petitions for writ of habeas corpus in the California state courts. Respondent states that Petitioner has not exhausted his state remedies as to his third ground for relief, but expressly waives the exhaustion requirement as to that claim.

## LEGAL STANDARD

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v.

Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed on October 7, 2002, after the enactment of the AEDPA, thus it is governed by its provisions.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus relief will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at

1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633 (1993). On a petition for writ of habeas corpus, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Ineffective Assistance of Counsel

Petitioner contends that his trial counsel's failure to move to sever the counts against him or to object to the consolidation of the two complaints filed against him deprived him of his right to effective assistance of counsel. Respondent disputes this contention.

Originally, two separate criminal complaints were filed against Petitioner. The complaint in case number 99905702-7 alleged three counts of murder and attempted murder and related to an incident on October 18, 1997, outside Jon-Jon's nightclub. The second case, number 99905870-2, involved the February 7, 1998 death of Taiwan Braden. Evidence as to both cases was presented at a single preliminary examination and on June 4, 1999, the magistrate ordered Petitioner to appear in Superior Court for arraignment on all matters at the same date and time. No objection was lodged regarding this procedure. On June 17, 1999, Petitioner was arraigned on a single information charging all of the offenses. Counsel never raised an objection to the joinder of the claims.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective

4

assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688. The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984). Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (2000).

1    In this case, Petitioner argues that his counsel rendered ineffective assistance when he
2 failed to move to sever the two cases.  Petitioner claims: 1) there was "no tactical reason" to
3 allow the two incidents to be tried together; 2) an objection to joinder would have been
4 successful if attempted; 3) the charges were inflammatory; 3) joinder resulted in the coupling of
5 a strong case (the involuntary manslaughter) with a weak case (the murder and attempted
6 murders); and 5) he was prejudiced because the joinder resulted in "an unreliable outcome."
7    Petitioner's claim of ineffective assistance of counsel was addressed by the Court of
8 Appeal in Petitioner's direct appeal and rejected. First, the court found that although no
9 explanation for counsel's performance appears on the record, counsel may have had a tactical
10 reason for not opposing the prosecution's decision to charge and try the cases together.  After
11 discussing possibilities and reviewing the record, the court found that it could not conclude that
12 counsel's performance was deficient.   Second, the court found that even assuming that
13 competent counsel would have moved to sever the cases, Petitioner failed to show that such a
14 motion would have been granted under controlling California law.  The court found that
15 Petitioner had acknowledged the statutory requirement that the crimes be of the same class was
16 met, both involving homicide.  The court analyzed whether it would have been an abuse of
17 discretion for the trial to have denied a motion to sever, had one been made, and concluded that
18 it would not have been.  Third, the court found that Petitioner failed to show a reasonable
19 probability of a more favorable outcome to him if a motion to sever had been brought and
20 granted.  Finally, the court rejected Petitioner's claim that counsel's failure to bring a motion to
21 sever was a breakdown of the adversarial process resulting in the withdrawal of a meritorious
22 defense.  The Court of Appeal therefore concluded that Petitioner had failed to make the required
23 showing under the first prong of <u>Strickland</u> that counsel's performance was deficient.      After
24 carefully reviewing Petitioner's arguments, this court must conclude that Petitioner has failed to
25 meet his burden of demonstrating that the Court of Appeal's adjudication of this contention
26 involved an unreasonable application of clearly established Federal law.   The Court of Appeal's
27 conclusion that, under state law, Petitioner had made no showing that a motion for severance
28 would have been granted, is not subject to challenge in a federal petition for writ habeas corpus.

Estelle v. McGuire, 502 U.S. 62 (1991). The court must agree with Respondent that, following from that conclusion, the Court of Appeal's decision that trial counsel's performance was not constitutionally defective was not unreasonable. Accordingly, this contention provides no basis for habeas relief.

USE OF CALJIC 17.41.1

Petitioner contends that the trial court prejudicially erred when it instructed the jury using CALJIC No. 17.41.1, because the instruction "infringed upon Petitioner's Sixth and Fourteenth Amendment rights to a unanimous jury and to have the jury free to use its power of nullification." Petitioner argues specifically that: 1) the instruction had a "chilling effect" on the jury deliberations; 2) the instruction eliminated the jury's "power of nullification;" and 3) use of the instruction results in prejudicial error that must be evaluated under Chapman v. California, 386 U.S. 18 (1967). Respondent disputes this contention.

CALJIC No. 17.41.1 provides as follows:

> The integrity of a trial requires that jurors at all times during their deliberations conduct themselves as required by these instructions. Accordingly, should it occur that any juror refuses to deliberate or expresses an intention to disregard the law or decide the case based on penalty or punishment or any other improper basis, it is the obligation of the other jurors to immediately advise the Court of the situation.

In addressing this claim, the Court of Appeal stated that the validity of CALJIC No. 17.41.1 had not yet been addressed by the California Supreme Court but was currently under review by that court in People v. Engelman. The Court of Appeal declined to address the merits of the arguments regarding the validity of CALJIC No. 17.41.1, because it found that resolution of the issues would not affect the outcome of Petitioner's case. Specifically, the court found that even if it assumed that the California Supreme Court would invalidate CALJIC No. 17.41.1, the instruction did not prejudice Petitioner under the federal harmless error standard of review expressed in Chapman v. California, 386 U.S. 18 (1967). In reaching this finding, the court emphasized that nothing in the record demonstrated any dissension among the jurors, and no report of any juror refusing to deliberate or disregard the law. There was no indication of a jury deadlock or a holdout juror, and no showing that the jury was confused or had trouble on the

issue of guilt.  The court found that "[t]he notion that jury nullification was a possibility in this case is properly rejected."  It concluded that "[t]here is no reason to believe the court's use of CALJIC No. 17.41.1 played any role in the jury's deliberations and therefore, the instruction was harmless beyond a reasonable doubt."

The California Supreme Court subsequently ruled in People v. Engelman, 28 Cal.4th 436 (2002) that CALJIC No. 17.41.1 does not violate the state or federal constitution, but that the giving of the instruction created a risk of unnecessary intrusion on the deliberative process.  Engelman, 28 Cal.4th 436.  Although it found that it was not error to give the instruction, the California Supreme Court prospectively prohibited the giving of the instruction in future criminal cases.  Id. at 449.  The court's directive does not apply to Petitioner's case, which occurred before the Engelman decision was issued.

After reviewing Petitioner's arguments, the court finds that Petitioner has failed to meet his burden of demonstrating that the Court of Appeal's adjudication of this contention involved an unreasonable application of clearly established Federal law.  That is, Petitioner has not shown a defect in the Court of Appeal's conclusion that any error by the trial court in giving CALJIC 17.41.1 was harmless beyond a reasonable doubt under Chapman v. California, 386 U.S. 18 (1967).  See , Medina v. Hornung,  386 F.3d 872, 878-79 (9th Cir. 2004) (a federal court reviewing a state court ruling of harmless error must review only for objective unreasonableness).   As the Court of Appeal found, there is no indication that the court's use of CALJIC No. 17.41.1 played any role in the jury's deliberations in Petitioner's case, and the Court of Appeal's conclusion that its use was harmless beyond a reasonable doubt is clearly reasonable.  Accordingly, the court finds that this contention provides no basis for habeas corpus relief.

CALJIC Nos. 8.42 and 8.43

Petitioner contends that the trial court erred in instructing the jury with CALJIC Nos. 8.42 and 8.43 on voluntary manslaughter because the instructions state that murder is "reduced" to voluntary manslaughter under certain circumstances, thereby creating a presumption that any

killing is murder rather than manslaughter and interfering with his Sixth Amendment right to a jury trial. Respondent disputes this contention.

CALJIC 8.42 provides in pertinent part as follows:

> To reduce an intentional felonious homicide from the offense of murder to manslaughter upon the ground of sudden quarrel or heat of passion, the provocation must be of the character and degree as naturally would excite and arouse the passion. And the assailant must act under the influence of that sudden quarrel or heat of passion. The heat of passion which will reduce a homicide to manslaughter must be such a passion as naturally would be aroused in the mind of an ordinary reasonable person in the same circumstances.

CALJIC 8.43 provides in pertinent part as follows:

> To reduce a killing upon a sudden quarrel or heat of passion from murder to manslaughter the killing must have occurred while the slayer was acting under the direct and immediate influence of the quarrel or heat of passion. Where the influence of the quarrel or heat of passion has ceased to obscure the mind of the accused and sufficient time has elapsed for angry passion to end and for reason to control his conduct, it will not longer reduce an intentional killing to manslaughter.

In addressing the issue, the Court of Appeal found that Petitioner cited no authority for the proposition that use of the term "reduce" in either of the instructions was improper, presumed or implied that any killing is murder rather than manslaughter, or deprives a defendant of the right to a jury trial. The court found no such authority and rejected the proposition. Further, the court found that manslaughter is a lesser offense of murder, and that the term "reduce" in this context is in accordance with the law of the State of California. The court concluded, therefore, that the challenged instructions correctly state the law and were properly given. In addition to finding that instructing the jury with CALJIC Nos. 8.42 and 8.43 was not error, the Court of Appeal went on to find that the instructions as given were harmless under any standard.

After reviewing Petitioner's arguments, the court finds that Petitioner has failed to meet his burden of demonstrating that the Court of Appeal's adjudication of this contention involved an unreasonable application of clearly established Federal law. As explained by the Court of Appeal, the instructions were in accordance with state law, and the jury was further correctly instructed on the presumption of innocence, the prosecution's burden of proof, and all of the

1  elements of murder and manslaughter.  Accordingly, the court finds that this contention
2  provides no basis for habeas corpus relief.

4       Based on the foregoing, IT IS HEREBY ORDERED AS FOLLOWS:
5  1)   The petition for writ of habeas corpus is DENIED; and
6  2)   The Clerk of the Court is directed to ENTER JUDGMENT for Respondent and to close this case.IT IS SO ORDERED.

**Dated:   January 30, 2006**            _____/s/  **William M. Wunderlich**_____
mmkd34                                   UNITED STATES MAGISTRATE JUDGE